By the Court,

Nelson, J.
There is some evidence upon which it is contended that the plaintiff below had more wool in 1829 than the probable produce of ten sheep ; but I think #the facts do not warrant such a conclusion. The wool from which the cloth in question was manufactured, the plaintiff had in 1828, and it does not appear that he had any other wool in that year. The only question in the case is, whether wool or articles manufactured from it, not exceeding in quantity the fleeces from ten sheep, are exempt from execution in the hands of a person not owning any sheep. The statute enacts that “ all sheep, to the number of ten, with their fleeces and the yarn or cloth manufactured from the same,” shall be exempt from execution, 2 R. S. 255, § 169, sub. 4. The object and intent of the statute cannot be mistaken; it is to secure to the family of a householder, wool or the article manufactured from it, equal in amount to that grown on a given number of sheep, and the terms used in the act were intended to effect that intent. No other purpose could have been within the view of the legislature. The exemption of the sheep alone would be a useless boon ; it is the wool grown upon the sheep which gives value to this provision to a poor family. It is a settled rule, that such construction shall be given to a statute as may best answer the intention which the makers had in view. The intention of the makers of a statute is sometimes to be collected from the cause or necessity of making it; and when this can be discovered, it ought to be followed with reason and discretion in the *47 construction to be put upon it, although such construction seems contrary to its letter. Bacon’s Abr. tit. Statute, P. 384. These are familiar principles in construing statutes, and are in point. The judgment of the common pleas therefore is right, and must be affirmed.
Judgment affirmed.